**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF NEBRASKA**

| | |
|---|---|
| In re: | ) Chapter 7 |
| | ) |
| BANYAN MEDICAL SERVICES, INC., a Nebraska corporation, | ) Case No. 26-80322-BSK |
| | ) |
| Debtor. | |

## DEBTOR'S MOTION FOR ENTRY OF AN ORDER: (I) EXTENDING DEADLINE TO FILE SCHEDULES OF ASSETS AND LIABILITIES AND STATEMENTS OF FINANCIAL AFFAIRS, AND RELATED DOCUMENTS; AND (II) GRANTING RELATED RELIEF

COMES NOW BANYAN MEDICAL SERVICES, INC., a Nebraska corporation, and requests entry of an order (i) extending deadline to file schedules of assets and liabilities and statements of financial affairs, and related documents; and (ii) granting related relief, pursuant to sections 105(a) and 521 of title 11 of the United States Code (the "Bankruptcy Code"), Rules 1007 and 9006 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and Rule 9013-1 of the Nebraska Rules of Bankruptcy Procedure (the "Local Rules"). In support of this motion (the "Motion"), Debtor respectfully represents as follows:

### Jurisdiction And Venue

1. On March 23, 2026, (the "Petition Date"), Debtor filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code. This Court has jurisdiction over this case pursuant to 28 U.S.C. § 1334 and venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409. By Nebraska General Rule 1.5 of the United States District Court for the District of Nebraska, the District Court has referred all bankruptcy cases to the Bankruptcy Court for initial determination, as permitted by 28 U.S.C. § 157(a). This is a core proceeding pursuant to 28 U.S.C. §§ 157(b)(2)(A) and (O), and Debtor consents to entry of a final order by the Court in connection with this Application to the extent it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution.

2. On April 1, 2026, the Court entered an order converting the above captioned case to a Chapter 7 proceeding. John Stalnaker is the duly appointed Chapter 7 Trustee.

3. As the Court is undoubtedly aware, the beginning stages of a Chapter 7 case is an administrative burden on all debtors given the amount of information, disclosures, hearings, and formal and informal meetings with the office of the UST. These steps, while necessary, are obviously in addition to the Debtor's obligations to manage and maintain its ongoing operations. As such, Debtor require additional time to prepare and file its respective schedules and statements of financial affairs (the "Schedules").

4.    Section 521(a)(1) of the Bankruptcy Code and Bankruptcy Rule 1007 require Debtor to file its Schedules within fourteen days after the Petition Date.  However, Rules 1007(c) and 9006 provide that a bankruptcy court may extend the time by which Debtor must file its Schedules for cause.  Debtor's schedules are currently due on April 6, 2026.

5.    As will be explained in greater depth as this case progresses, Debtor has discovered that its former CFO/General Counsel engaged in a series of significant activities that can best be described as misappropriation of corporate funds.  While there are ongoing investigations by law enforcement, the Debtor, and various third parties, the true scope of these activities has yet to come into focus, but suffice it to say that the thefts has severely damaged Debtor, its operations, and its creditors.  As a result of these discoveries, Debtor (and a number of non-debtor entities and individuals) have faced a myriad of multi-million dollar lawsuits being prosecuted in multiple states.

6.    Debtor requests that the Court grant Debtor's request and extend the deadline by which the Schedules must be filed to on or before April 20, 2026.  Debtor will work diligently to prepare and file the Schedules before this date, but the circumstances warrant granting such an extension.  Debtor also believes that no parties-in-interest will be prejudiced by this request as the required Section 341 meeting of creditors is not scheduled until May 5, 2026.

7.    Debtor submits that the undersigned has spoken with the Chapter 7 Trustee and that Mr. Stalnaker does not oppose the relief sought herein.

WHEREFORE, Debtor respectfully requests that the Court enter an order granting this motion in full and granting such other and further relief as is just and proper.

Respectfully submitted,

**BANYAN MEDICAL SERVICES, INC., a Nebraska corporation, Debtor.**

By:      /s/ *Patrick R. Turner*
TURNER LEGAL GROUP, LLC
Patrick Turner (NE Bar No. 23461)
9375 Burt Street, #200
Omaha, Nebraska 68114
Telephone: (402) 690-3675
pturner@turnerlegalomaha.com
Counsel for Debtor.